[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12046
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00437-JEC-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE BERRA-OZUNA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 22, 2010)

Before BLACK, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jorge Berra-Ozuna pleaded guilty to a single count of illegal re-entry into

the United States in violation of 8 U.S.C. § 1326 (a) and (b)(2). The district court sentenced Berra-Ozuna to 24 months' imprisonment and he appeals on two grounds. First, he argues that his sentence was procedurally unreasonable because the district court based it on "unwarranted conclusions" and "unreliable information." Second, he argues that his sentence is substantively unreasonable because it is longer than necessary to comply with the goals of 18 U.S.C. § 3553(a). Upon review of the record, we affirm.

I

We review a sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Additionally, we review the sentencing court's factual findings for clear error. *See id.* On appeal, determining reasonableness is a two-step inquiry. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We first examine whether the district court committed any significant procedural error. *Id.* If the sentence is procedurally sound, we then review for substantive reasonableness. *Id.* "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

II

Berra-Ozuna, a native of Mexico, has been deported or removed from the United States seven times. Most recently, he was arrested for possessing a vehicle containing a false or secret compartment in violation of Georgia law. Berra-Ozuna pleaded guilty to illegal re-entry under 8 U.S.C. § 1326 (a) and (b)(2). At the sentencing hearing, the district court departed upward[1]: it increased Berra-Ozuna's criminal-history category by two levels and sentenced him to 24 months' imprisonment and 3 years' supervised release.[2] Berra-Ozuna filed this timely appeal.

## III

Berra-Ozuna argues that his sentence was procedurally unreasonable because the district court based his sentence, in part, on facts that were not set forth in the pre-sentence investigation report. A sentence is procedurally reasonable if the district court, *inter alia*, did not select a sentence based upon clearly erroneous facts. *Gall*, 552 U.S. at 51.

Berra-Ozuna's sentence was not procedurally unreasonable because it was

---

[1]Though the district judge did not reference a specific guideline provision, the court's sentence appears to be an upward departure under U.S.S.G. § 4A1.3(a)(1), which is warranted when "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history and the likelihood that the defendant will commit other crimes."

[2]The probation officer calculated a guidelines range of 10-16 months; the statutory maximum is 20 years. 8 U.S.C. § 1326(a) and (b)(2).

not based on clearly erroneous facts. The district court based its sentence on Berra-Ozuna's prior conviction for discharging a weapon on a public highway, his gang membership, his arrest in a car that contained a secret compartment, and, most pertinently, his prior conviction for re-entry. All of these facts were either admitted by Berra-Ozuna in his post-arrest statement or contained in the PSI, which neither party objected to before sentencing. Further, the court adequately articulated its reasons for departing upward at the sentencing. *See id.* at 50. Accordingly, Berra-Ozuna's sentence was not procedurally unreasonable.

We now turn to the substantive reasonableness of Berra-Ozuna's sentence. He argues that the district court's sentence of 24 month's imprisonment was too long to be reasonable under 18 U.S.C. § 3553(a). A sentence is substantively reasonable if it is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).[3] *Gall*, 552 U.S. at 50. The weight accorded to the § 3553(a) factors is left to the district court's discretion, *United States v. Scott*, 426 F.3d, 1324, 1329 (11th Cir. 2005), and the court need not explicitly address each of the § 3553(a) factors, so long as it is clear from the record that the court

---

[3]Under § 3553(a)(2)(A)-(D), a sentence should to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed education or vocational training or medical care.

considered the defendant's arguments in light of the factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

During Berra-Ozuna's sentencing, the district court considered Berra-Ozuna's history and characteristics as required by § 3553(a). The court focused on his criminal history and repeated illegal entry into the United States. Furthermore, the court discussed the need to promote respect for the law and deter future criminal conduct: "[I]f you have a prior conviction for illegal reentry, that shows that it's going to take something more to get your attention than whatever the previous sentence was." Berra-Ozuna's sentence, eight months longer than the recommended sentence under the guidelines and 18 years less than the statutory maximum, is substantively reasonable for a defendant who has been repeatedly removed from the United States and commits crimes while here illegally.

The district court's sentence is **AFFIRMED**.